Filed 9/26/24  In re T.V. CA4/2
Opinion after vacating prior opinion
*See Dissenting Opinion.*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re T.V., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>T.B.,<br><br>    Defendant and Appellant. | E083415<br><br>(Super.Ct.No. J294939)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and Joseph R. Barrell, Deputy County Counsel, for Plaintiff and Respondent.

1

Defendant and appellant T.B. (Mother) appeals after the termination of her parental rights to T.V. (born Oct. 2022; Minor) at a Welfare and Institutions Code section 366.26[1] hearing. On appeal, Mother contends the matter must be remanded to the juvenile court based on the lack of substantial evidence that the Indian Child Welfare Act of 1978 (ICWA) did not apply. She claims that plaintiff and respondent San Bernardino County Children and Family Services (the Department) did not adequately perform its initial duty of inquiry about Indian ancestry pursuant to section 224.2, subdivision (b), as to relatives of the father of Minor, J.V. (Father)[2] to determine whether Minor was an Indian child.

## FACTUAL AND PROCEDURAL HISTORY

A. <u>DETENTION</u>

In October 2022 Mother gave birth to Minor, at which time both Mother and Minor tested positive for methamphetamines. Minor had to be placed into the neonatal intensive care unit based on being premature and low weight. Father was present at the hospital and was very manipulative. He was wheelchair-bound and had an open wound on his foot allegedly from a gunshot wound. After giving birth, Mother left the hospital and could not be located. Mother and Father (collectively, Parents) lived with maternal grandmother, D.B. (MGM) Mother had a prior history with the Department for her other children.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] Father is not a party to the instant appeal.

A detention warrant was approved by the juvenile court on November 1, 2022. Minor was detained on November 1, 2022. Minor was placed in a foster family home.

On November 3, 2022, the Department filed a section 300 petition for Minor against Parents (petition).[3] It was alleged pursuant to section 300, subdivision (b), failure to protect, that Mother had a history of methamphetamine use and was currently using methamphetamine; she should have known that Father had a problem with substance abuse, which placed Minor at risk for physical or emotional harm; and she used methamphetamine throughout her pregnancy and tested positive for amphetamines at the time of Minor's birth. It was alleged against Father that he had a history of substance abuse, and he should have known that Mother had a problem with substance abuse.

Father completed an ICWA-020 form on November 4, 2022, stating that he had no known Indian ancestry. Mother also completed an ICWA-020 form on November 4, 2022, attesting that she may have Indian ancestry but the tribe was unknown. She provided the name of Ernest G.B. (MGF) as a potential tribe member. Parents also provided the name of a maternal uncle (Uncle) and a maternal grandmother on the family find and ICWA inquiry form. They also listed a paternal grandfather, I.V., as an additional family contact.

The detention hearing was held on November 4, 2022. Parents were present in court. Father denied any Indian ancestry when asked by the juvenile court. Mother had

---

[3] Mother had three other children who were placed with their father, N.S.; they are not part of the appeal.

been told she had Indian ancestry through MGF. The juvenile court found a prima facie showing had been made and Minor was ordered detained.

B.     JURISDICTION/DISPOSITION REPORT AND HEARING

The jurisdiction/disposition report was filed on November 22, 2022. The Department sought to have the allegations in the petition found true and have the juvenile court grant reunification services to Parents. Minor remained in a foster home.

A social worker spoke with MGM who advised the Department that she believed MGF had Indian ancestry; he was deceased. She did not know what tribe. MGM believed MGF's sister, Barbara B., lived on an Indian reservation but had no further information that she could give to the Department. Father had no known Indian ancestry.

Mother admitted to drug use during her pregnancy and was willing to participate in services. She insisted that a low birth weight was common for a twin and that she checked on Minor every day she was in the hospital. Father denied substance abuse and was willing to participate in services. Parents had missed several drug tests. The hearing date was continued.

In an addendum report, the Department reported that Minor had been placed with Uncle on November 29, 2022. Uncle denied any Indian ancestry. A social worker attempted to contact the Bureau of Indian Affairs (BIA) regarding the family but had not been successful. There was no contact with Father during the reporting period. Mother had not been drug testing.

The jurisdiction/disposition hearing was conducted on January 23, 2023. Parents were not present. The juvenile court found the allegations in the petition true by a

4

preponderance of the evidence. The juvenile court name Father the presumed father of Minor. Parents were granted six months of reunification services. Minor remained placed with Uncle.

C.    SIX-MONTH REVIEW REPORT AND HEARING

A status review report was filed on July 17, 2023. The Department recommended that Minor remain in the custody of Uncle and that family reunification services be continued for Parents. No further ICWA information was obtained during the reporting period. Parents were not consistently participating in services but Mother made some progress toward the end of the reporting period. Minor was developing normally. Uncle and his wife were willing to adopt Minor. The matter was continued.

An addendum was filed on August 14, 2023. The Department was now recommending that reunification services for Parents be terminated. It recommended a permanent plan of adoption by Uncle. Parents were inconsistent in their visitation. Mother was not enrolled in a drug treatment program. Father had completed no services. The Department attempted to contact MGM to conduct further ICWA inquiry but she did not contact them during the reporting period. A voicemail message was left with the BIA but there had been no return call.

A second addendum report was filed on September 14, 2023. Mother had been inconsistent in visitation. Mother had entered a drug treatment program but then immediately checked herself out of the program. MGM finally contacted the Department and denied any Indian ancestry. MGF's sister, Barbara, was associated with a tribe but MGM had no further information and Barbara was deceased. MGM offered MGF's full

5

name (Ernest B.) and his date of birth. The Department sent an email to the BIA with MGF's name and date of birth but received no response. Another report was submitted on September 15, 2023. Mother admitted to the Department that two weeks prior she had used methamphetamine. She had entered a drug treatment program but had checked herself out.

At the six-month review hearing held on September 18, 2023, Parents were not present. No evidence was presented. The juvenile court terminated reunification services and set the matter for a section 366.26 hearing.

D.      SECTION 366.26 REPORTS AND HEARING

The Department filed a section 366.26 report on January 9, 2024. The Department recommended that the juvenile court terminate the parental rights of Parents and that the permanent plan of adoption with Uncle and his wife be implemented. Minor was developing normally and was a happy child.

As for ICWA, the Department reported that it did not apply. No response had been received from the BIA since an email was sent on September 14, 2023; there was no evidence that maternal relatives were members of any tribe.[4] The section 366.26 hearing was continued. In an addendum report filed on February 28, 2024, the Department reported that there had been no response from the BIA.

Mother filed a section 388 petition on March 1, 2024, requesting that reunification services be reinstated. She insisted she had completed parenting and anger management

---

[4] The email sent to the BIA listed MGF's name only as Ernest B. and not Ernest G.B. It did list his date of birth. It also included his sister's name, Barbara B.

6

classes. She had entered a substance abuse treatment program. She had stable housing. The juvenile court denied the section 388 petition without a hearing.

The section 366.26 hearing was conducted on March 4, 2024. Mother was present. The juvenile court found that ICWA did not apply. The juvenile court terminated the parental rights of Mother and Father and freed Minor for adoption.

## DISCUSSION

Mother contends remand is necessary based on the failure of the Department to adequately perform its duty of inquiry pursuant to California law as to Father, specifically the requirement of section 224.2, subdivision (b), to inquire of Minor's extended paternal family about Indian ancestry to determine whether Minor was an Indian child.

### A.     ICWA AND STATE LAW REQUIREMENTS

" 'Notice to Indian tribes is central to effectuating ICWA's purpose, enabling a tribe to determine whether the child involved in a dependency proceeding is an Indian child and, if so, whether to intervene in, or exercise jurisdiction over, the matter.' " (*In re S.R.* (2021) 64 Cal.App.5th 303, 313.) " 'ICWA itself does not impose a duty on courts or child welfare agencies to inquire as to whether a child in a dependency proceeding is an Indian child. [Citation.] Federal regulations implementing ICWA, however, require that state courts "ask each participant in an emergency or voluntary or involuntary child-custody proceeding whether the participant knows or has reason to know that the child is an Indian child." [Citation.] . . . . [¶] . . . 'ICWA provides that states may provide "a higher standard of protection to the rights of the parent or Indian custodian of an Indian child than the rights provided under" ICWA.' " (*In re J.S.* (2021) 62 Cal.App.5th 678,

7

685.)  "There is no federal duty to inquire of extended family members."  (*In re A.C.* (2021) 65 Cal.App.5th 1060, 1069.)

Under California law, there are specific inquiry requirements.  Section 224.2, subdivision (a) provides, "The court, county welfare department, and the probation department have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300, 601, or 602 may be or has been filed, is or may be an Indian child.  The duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child."  Subdivision (b) of section 224.2 provides, "If a child is placed into the temporary custody of a county welfare department pursuant to Section 306 or county probation department pursuant to Section 307, the county welfare department or county probation department has a duty to inquire whether that child is an Indian child.  Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled."  Subdivision (c) of section 224.2 provides, "At the first appearance in court of each party, the court shall ask each participant present in the hearing whether the participant knows or has reason to know that the child is an Indian child.  The court shall instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child."  Mother only claims on appeal that the Department did not

fulfill their duty to inquire under section 224.2, subdivision (b), by failing to inquire of Father's relatives.

### B.  SECTION 224.2, SUBDIVISION (B), DOES NOT APPLY

The Department contends that section 224.2, subdivision (b), does not apply based on the facts of this case.  We agree that section 224.2, subdivision (b), does not apply.

There is a split of authority in the Courts of Appeal as to whether the plain language of section 224, subdivision (b), only applies when a child is taken into custody under section 306, and not when detained under a warrant.  Some appellate courts have found the statutory language means an agency has no initial duty to ask extended family members about possible Indian ancestry unless the child was taken into temporary custody under section 306.  (See, e.g., *In re Andres R.* (2023) 94 Cal.App.5th 828, review granted Nov. 15, 2023, S282054; *In re Ja.O.* (2023) 91 Cal.App.5th 672, review granted July 26, 2023, S280572 [lead case]; and *In re Robert F.* (2023) 90 Cal.App.5th 492, review granted July 26, 2023, S279743.)  Other courts have found the duty of initial inquiry applies regardless of how the child is removed from the home.  (See, e.g., *In re L.B.* (2023) 98 Cal.App.5th 512, 517; *In re C.L.* (2023) 96 Cal.App.5th 377, 386; *In re Delila D.* (2023) 93 Cal.App.5th 953, review granted Sept. 27, 2023, S281447.)  The duty of inquiry in section 224.2, subdivision (b), only applies if a child is taken into temporary custody under section 306.  We follow the reasoning in *In re Andres R., supra*, 94 Cal.App.5th 828,[5] and need not repeat the extensive examination of the issue provided

---

[5]  Despite the grant of review by the California Supreme Court, we may cite to *In re Andres R.* for its persuasive value.  (Cal. Rules of Court, rule 8.1115 (e)(1).)

9

in the case.  Based on the plain language in section 224.2, subdivision (b), it is applicable only to situations where "a child is placed into the temporary custody of a county welfare department pursuant to [s]ection 306."

Here, Minor was placed into the Department's custody pursuant to a detention warrant, not through the warrantless removal procedure provided by section 306. Accordingly, the Department was not required to conduct inquiries with "extended family members" at this initial inquiry stage pursuant to section 224.2, subdivision (b).

Mother raised in her opening brief that the inadequate inquiry was as to Father's relatives only.  Based on the fact that Minor was detained pursuant to a warrant, no further inquiry of Father's relatives was required under section 224, subdivision (b). Father repeatedly denied any Indian ancestry.  Remand for further inquiry under ICWA is not necessary.

## DISPOSITION

The order terminating parental rights at the section 366.26 hearing as to Minor is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.


I concur:


CODRINGTON
J.


10

[*In re T.V.; CFS v. T.B.,* E083415]

RAMIREZ, J., Dissenting.

As the majority acknowledge, this court is divided on the issue whether the manner of removal determines the obligation of a child services agency such as the San Bernardino County Department of Children and Family Services to comply with subdivision (b) of Welfare and Institutions Code section 224.2 (section 224.2(b)).

In *In re Robert F.*, a panel of this court found the extended inquiry requirement set forth in section 224.2(b) does not apply if a child is removed pursuant to a protective custody warrant. (*In re Robert F.* (2023) 90 Cal.App.5th 492, 500, review granted July 26, 2023, S279743; in accord, *In D.M.* (2024) 101 Cal.App.5th 1016, 1023; but see *id.* at pp. 1047-1060 (dis. opn. of Raphael, J.), review granted July 24, 2024, S285537 (Fourth Dist., Div. Two); *In re Andres R.* (2023) 94 Cal.App.5th 828, 849; but see *id.* at pp. 860-865 (conc. opn. of Slough, J.), review granted Nov. 15, 2023, S282054 (Fourth Dist., Div. Two); *In re Ja.O.* (2023) 91 Cal.App.5th 672, review granted July 26, 2023, S280572 (Fourth Dist., Div. Two).)

In *In re Delila D.* the majority of another panel held the manner of removal has no bearing on the question whether a child may be an Indian child. (*In re Delila D.* (2023) 93 Cal.App.5th 953, 962, 965-976 (*Delila D.*); but see *id.* at pp. 977-981 (dis. opn. of Miller, J.), review granted Sept. 27, 2023, S281447.) *Delila D.* emphasized the goal of the initial inquiry requirement, including the expanded duty of inquiry of extended family members, is to determine whether state and federal ICWA protections may apply to the

1

proceedings. (*Id.* at pp. 962, 965-976; accord, *In re Samantha F.* (2024) 99 Cal.App.5th 1062, 1068-1069; but see *id.* at pp. 1086-1092 (con. & dis. opn. of Fields, J.) (Fourth Dist., Div. Two), disapproved on another ground in *In re Dezi C.* (Aug. 19, 2024, S275578) ___ Cal.5th ___ [2024 Cal. Lexis 4634]; *In re L.B.* (2023) 98 Cal.App.5th 512, 516-518 (First Dist., Div. Four); *In re C.L.* (2023) 96 Cal.App.5th 377, 385-391 (Third Dist.); *In re V.C.* (2023) 95 Cal.App.5th 251, 256-260 (First Dist., Div. Two), disapproved on another ground in *In re Dezi C.*, *supra*, S275578; *In re Jerry R.* (2023) 95 Cal.App.5th 388, 411-426 (Fifth Dist.).)

In my view, the analysis set forth in *Delila D.* and its progeny are persuasive and should be embraced unless and until either our Supreme Court reaches a different conclusion or our Legislature passes Assembly Bill No. 81 (2023-2024 Reg. Sess.), which is intended to clarify its intent that the expanded inquiry provisions in section 224.2(b) apply in all cases, including when a child is placed in temporary custody pursuant to warrant.

Accordingly, I would conditionally reverse the order terminating parental rights with instructions to comply with California's provisions designed to implement and enhance the federal Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) including section 224.2(b) and California Rules of Court, rule 5.481(a)(1).

RAMIREZ

J.

2